Rel: July 31, 2026

**Notice:** This opinion is subject to formal revision before publication in the advance sheets of **Southern Reporter**. Readers are requested to notify the **Reporter of Decisions**, Alabama Appellate Courts, 300 Dexter Avenue, Montgomery, Alabama 36104-3741 ((334) 229-0650), of any typographical or other errors, in order that corrections may be made before the opinion is published in **Southern Reporter**.

# ALABAMA COURT OF CIVIL APPEALS

## SPECIAL TERM, 2026

————————————————

### CL-2025-1041

————————————————

**Howard Ross**

**v.**

**Janet Hampton**

**Appeal from Madison Circuit Court**
**(CV-25-104)**

BOWDEN, Judge.

Howard Ross appeals from a judgment of the Madison Circuit Court ("the circuit court") finding that Janet Hampton had timely asserted her right to redeem certain real property located in Huntsville ("the real property") from him. Ross argues that he had acquired title to the real

property by purchasing it at a sheriff's sale and that the circuit court mistakenly applied the law pertaining to redemption of property sold for the payment of taxes. We agree, and we reverse the judgment of the circuit court.

Background

The evidence in the record on appeal indicates that Redstone Federal Credit Union ("Redstone") had obtained a judgment against Hampton and executed the judgment by a sheriff's sale of the real property on June 10, 2024. Ross purchased the real property for $4,600 and obtained a sheriff's deed on that same day. On July 11, 2024, Ross sold the real property to Mark Culbertson for $4,600. Culbertson subsequently conveyed the real property back to Ross. On November 13, 2024, Ross sold the real property to Anna Konstantinov for $9,200 and recorded the deed conveying title to Konstantinov in the Madison Probate Court the next day.

The evidence indicates that Hampton attempted to contact Ross about redeeming the real property on December 20, 2024. She continued to try to contact Ross by various means for several months but was ultimately unsuccessful. Hampton subsequently filed a complaint in the

circuit court on June 9, 2025, seeking to redeem the real property from Ross.

The circuit court conducted an evidentiary hearing on August 13, 2025, and heard testimony from Ross and Hampton. On that same day, the circuit court entered a judgment and an order correcting clerical errors in the judgment. The circuit court found that the deed from Ross to Konstantinov was "null and void" and that Hampton had "timely asserted her right of redemption" from Ross. The judgment provided that Hampton could redeem the real property from Ross by paying $4,600 to the circuit-court clerk within 30 days of the entry of the judgment.

Ross timely filed a postjudgment motion on September 11, 2025. See Rule 59(e), Ala. R. Civ. P. The circuit court conducted a hearing on Ross's postjudgment motion on October 23, 2025. During that hearing, the circuit court cited § 40-10-120, Ala. Code 1975, pertaining to redemption of property sold for the payment of taxes, as the basis for the judgment. The circuit court entered an order denying Ross's postjudgment motion later that same day. Ross filed a timely notice of

appeal from the judgment to this court on December 2, 2025.[1] See Rule 4(a)(3), Ala. R. App. P.

## Standard of Review

The circuit court's findings of fact based on ore tenus evidence are entitled to a presumption of correctness. See EBSCO Indus., Inc. v. Ballard, [Ms. SC-2024-0678, June 6, 2025] ___ So. 3d ___, ___ (Ala. 2025). However, we review the circuit court's application of the law to the facts de novo. Id. at ___.

## Analysis

Ross argues on appeal that the circuit court mistakenly applied the law regarding redemption of property sold for the payment of taxes when it concluded that the conveyance from Ross to Konstantinov was void and that Hampton could redeem the real property from Ross.

During the postjudgment-motion hearing, the circuit court correctly stated that the purchaser of real property sold for the payment of taxes

---

[1]Hampton has not filed an appellate brief; however, we assume that she seeks affirmance of the judgment. See Protective Life Ins. Co. v. Jenkins, 386 So. 3d 443, 445 (Ala. 2023)("'Where the appellant submits the cause on brief and no brief is filed by the appellee, the court considers the cause on its merits on the assumption that appellee is interested in having the judgment sustained.'" (citation omitted)).

initially acquires only a certificate of sale that demonstrates the tax-sale purchaser's right of possession to that property. See § 40-10-74, Ala. Code 1975. A tax-sale purchaser cannot, under § 40-10-29, Ala. Code 1975, acquire a deed demonstrating title to real property sold for the payment of taxes until three years after he or she receives the certificate of sale, among other things. See § 40-10-29(b). It follows that a tax-sale purchaser cannot validly transfer title to real property sold for the payment of taxes until the receipt of a deed under § 40-10-29, see Simmons Grp., LTD v. O'Rear, 233 So. 3d 335, 339 (Ala. 2017)("[T]he basic property rule [is] that a grantor cannot convey more than the grantor actually owns."), which can occur no earlier than three years from the receipt of the certificate of sale. Applying those principles of law, the circuit court found that the deed from Ross to Konstantinov was "null and void."

However, there was no evidence indicating that the real property was sold for the payment of taxes. Ross purchased the real property at a sheriff's sale following the entry of the judgment against Hampton in favor of Redstone. See § 6-9-140, Ala. Code 1975 (describing conveyance of title by sale under judicial process). Ross therefore received a sheriff's

deed -- not a certificate of sale, see § 40-29-29(a), Ala. Code 1975 -- to the real property upon payment of the purchase price. The sheriff's deed conveyed title to the real property to Ross as effectively as if Hampton had sold it to him. See § 6-9-140 ("A sale regularly made by virtue of judicial process issuing from a court of competent jurisdiction shall convey the title as effectually as if the sale was made by the person against whom the process issues."). Thus, Ross acquired title, not merely a possessory right, when he purchased the real property at the sheriff's sale. As a result, Ross validly conveyed title to the real property to Konstantinov on November 13, 2024.

Anyone seeking to redeem real property sold by virtue of a judgment from a court of competent jurisdiction must "pay or tender to the purchaser <u>or his or her transferee</u> the purchase price paid at the sale," with interest and all other lawful charges. § 6-5-253(a), Ala. Code 1975 (emphasis added). Our supreme court has construed the use of "or" in that context to mean that the redemptioner may redeem real property only from the current owner of the property. <u>Reed v. Skeen</u>, 591 So. 2d 51, 53 (Ala. 1991)("Where property has been sold under a power of sale in a mortgage and the purchaser has conveyed to another, the mortgagor

must redeem from the vendee."); accord <u>Wyatt v. Mortgage Elec. Registration Sys., Inc.</u>, 501 F. Supp. 2d 1345, 1347 (M.D. Ala. 2007)("[I]t is clear that the thrust of the statute is toward the current owner. The use of the disjunctive 'or' in the statute means the mortgagor may seek redemption from either the purchaser or his transferees based on who is the current owner.").

Ross had already conveyed title to Konstantinov and recorded the deed in the Madison Probate Court when Hampton reached out to him about redeeming the real property in December 2024. See § 35-4-63, Ala. Code 1975 ("The recording in the proper office of any conveyance of property or other instrument which may be legally admitted to record operates as a notice of the contents of such conveyance or instrument without any acknowledgment or probate thereof as required by law."). Thus, after Ross had conveyed title to the real property to Konstantinov, Hampton could no longer redeem the real property from Ross.

## Conclusion

Ross acquired title, not just a possessory interest, when he purchased the real property at the sheriff's sale, and the November 13, 2024, deed validly conveyed title to the real property to Konstantinov.

7

Because the evidence indicates that Ross no longer holds title to the real property, Hampton cannot redeem the real property from him. The judgment is therefore reversed, and the cause is remanded to the circuit court.

REVERSED AND REMANDED.

Moore, P.J., and Edwards, Hanson, and Fridy, JJ., concur.